200 So.2d 94 (1967)
Dr. Russell A. AKER et ux.
v.
Dr. Joseph A. SABATIER et al.
No. 7074.
Court of Appeal of Louisiana, First Circuit.
May 29, 1967.
Rehearing Denied June 30, 1967.
*95 Calvin E. Hardin, Jr., of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for defendant Dr. Joseph A. Sabatier, Jr., and third-party plaintiff as against St. Paul Fire & Marine Ins. Co., and Ins. Co. of North America.
Joel B. Dickinson, Baton Rouge, for plaintiffs.
Maurice J. Wilson, of Breazeale, Sachse & Wilson, Baton Rouge, for Ins. Co. of North America defendant-appellee.
Louis G. Baine, Jr., of Seale, Smith & Baine, Baton Rouge, for St. Paul Fire & Marine Ins. Co., appellees.
Before LANDRY, ELLIS and BAILES, JJ.
ELLIS, Judge.
This suit was brought by Dr. Russell A. Aker, a chiropractor, and his wife, against Dr. Joseph A. Sabatier, Jr., a medical doctor, asking damages for certain libelous remarks allegedly made by Dr. Sabatier, and for an injunction to prevent future utterance of these statements.
According to the allegations of the petition, plaintiffs' eight year old daughter died of meningitis in 1957. It is further alleged that Dr. Sabatier has stated publicly that "the death of the child was caused by the gross and/or criminal negligence of Dr. Aker, in that he as a chiropractor treated his daughter, instead of having her treated by competent medical doctors. * * *"
Plaintiffs deny the truth of the alleged statements, and claim that the accusations "* * * have tarnished the plaintiff's loving memory of their daughter and have done irreparable damage to the reputation of the plaintiffs, both personally and professionally. Dr. Aker has suffered irreparable harm and injury to his profession, and Mrs. Aker has not been permitted to forget her daughter's death, which is, and always will be, a painful memory to both plaintiffs."
Made defendants together with Dr. Sabatier are St. Paul Fire and Marine Insurance Company, his professional liability insurer, Insurance Company of North America, his public liability insurer, and Aetna Casualty and Surety Company.
Both St. Paul and I. N. A. filed motions for summary judgment, alleging no coverage under the provisions of their respective policies. Dr. Sabatier then filed third party petitions against both companies, asking that he have judgment against them for whatever amounts might be assessed against him, and for the cost of his defense. Motions for summary judgment were filed to the third party petition by both companies, *96 based on the identical grounds as those filed to the original petition. After argument, the trial court sustained both motions and dismissed both the main and third party demands as to both companies. From those judgments, Dr. Sabatier prosecutes these appeals.
The policy issued by Insurance Company of North America to Dr. Sabatier is what is commonly referred to as a Homeowner's Policy. Under the insuring agreement applicable to Section II thereof, Comprehensive Personal Liability, the company is obligated "to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage. * * *" Under the terms of the policy, bodily injury means "bodily injury, sickness or disease, including death therefrom, sustained by any person." Property damage means "injury to or destruction of property, including loss of use thereof."
Appellant contends that the "painful memory" referred to in plaintiff's petition constituted bodily injury under the law of this state, citing the case of Hamilton v. Lumbermen's Mutual Casualty Company, 226 La. 644, 76 So.2d 916 (1954). In that case, the plaintiff, who was in a hospital recovering from an accident, claimed that his recovery was retarded by the unauthorized publication, in his name, of a classified newspaper advertisement. The Court found that he was claiming damages for physical injuries rather than mental anguish. However, in this case, there are no allegations that any physical or bodily injury resulted from the alleged libel and slander. That being the case, there can be no recovery under the policy because of a "painful memory", which is clearly mental and not physical in nature. See Spearman v. Toye Bros. Auto & Taxicab Co. Inc., 164 La. 677, 114 So. 591 (1927).
The St. Paul policy is a comprehensive General and Automobile Policy with a rider entitled Physicians', Surgeons', and Dentists' Professional Liability Supplement. The insuring agreement therein reads as follows:
"I Professional Liability
"Individual Coverage
"To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay by reason of the liability imposed by law upon the Insured for damages on account of professional services rendered or which should have been rendered by the Insured * * *."
Professional services is defined as follows:
"Professional Services
"Professional services means injury, sickness, disease, death or destruction due to the rendering of or failure to render any professional service."
According to an affidavit filed by Dr. Sabatier, any remarks or statements made by him relative to chiropractic were made in his capacity as an officer of the Louisiana State Medical Society and for the public good. He further states that "such statements and remarks were made for the purpose of and in connection with the rendering of professional service to the public generally * * *." He maintains that such a "professional service" is included within the definition contained in the policy.
Referred to in the said affidavit, and attached thereto, is a brochure distributed by St. Paul which describes its policy, and which contains the following language:
"The St. Paul policy, through its broad insuring clause and absence of exclusions, assures you of professional service protection for the following types of claims many of which by interpretation are not covered under other forms;
* * * * * *
"2. Allegations of libel and slander oftentimes arising from betrayal of public confidence.

*97 * * * * * *
"6. Claims alleging libel and slander against a doctor, who as a member of the medical staff of a hospital reports a colleague incompetent."
Dr. Sabatier contends that the above declaration by St. Paul is illustrative but not exclusive, and that the claim against him falls into the same general category. He contends that the claim against him is covered under the policy by virtue of St. Paul's own interpretation thereof.
Professional services, in its usual connotation, means services performed by one in the ordinary course of the practice of his profession, on behalf of another, pursuant to some agreement, express or implied, and for which it could reasonably be expected some compensation would be due.
Were it not for the existence of the brochure attached to Dr. Sabatier's affidavit, we would have no difficulty in affirming the judgment of the lower court and dismissing both the main and third party demands as to St. Paul.
However, it appears that there exists a serious question as to the interpretation that St. Paul, itself, places on the term "professional services." We cannot see how, by any stretch of the imagination, the two types of libel and slander claims quoted above as being covered by the policy, could be held to arise out of the performing or failing to perform a professional service as herein defined.
If, in fact, the brochure was issued by St. Paul and describes the coverage provided by the policy herein, we cannot see how St. Paul can now be heard to deny that such coverage is afforded thereby. There is no substantial difference between the fact situation described therein and the situation existing in this case.
It may be that there are facts or circumstances surrounding the publication of the brochure which might make it inapplicable to the policy in question herein. However, none of these appear in the record by way of affidavit or otherwise. We find that the existence of the brochure creates a sufficient question of fact to necessitate the overruling of the motion for summary judgment filed by St. Paul.
For the above and foregoing reason, the judgment dismissing the main and third party demands as to Insurance Company of North America is affirmed, and the judgment sustaining the motions for summary judgment as to St. Paul Fire & Marine Insurance Company is reversed and the case remanded for further proceedings in line with the views herein expressed, with all costs of this appeal to be shared by St. Paul Fire & Marine Insurance Company and Dr. Sabatier.
Affirmed in part, reversed in part, and remanded.