WARD, Judge.
Appellants are three former clients of a Certified Public Accountant firm who sued their CPA, his firm, and their insurers. Of the insurers sued, some had provided malpractice insurance and others only comprehensive general liability. The three comprehensive general liability insurers, Lumberman’s Mutual Casualty Company, American Manufacturer’s Mutual Company and Continental Casualty Company, were granted summary judgment by the trial court. The trial court ruled that these insurers did not provide coverage for either malpractice, breach of contract, or negligent investment advice — acts which appellants allege in their petition as a basis for *172 recovery of damages. Appellants appeal this adverse ruling.
We affirm.
Appellants are Dr. Robert Ruel, Dr. and Mrs. Kenneth L. Yeca, and Dr. and Mrs. John McLechlan who brought suit against Walter Leftwich, the CPA firm of Left-wich, Delcambre, Ladouceur & Company, and their insurers for damages resulting from alleged negligent tax and investment advice provided by Leftwich from 1981 through 1989. One of the insurers sued by appellants was the Comstock Insurance Company which provided professional liability coverage for the Leftwich Firm. Appellants settled their claim against Com-stock.
Unlike the Comstock Insurance policy, the comprehensive general liability policies do not purport to insure against professional malpractice. In early years of the policies there was not a specific exclusion clause denying coverage relating to professional conduct, but the policy language clearly indicates that it did not cover this risk. In later years the policies are more specific, and there exists in all three policies language which excludes professional misconduct. Although appellants have made some effort to show that during the early years the policies insured against all risks, including malpractice, their main argument is that giving bad investment advice is not professional misconduct, a risk excluded from coverage. They contend that because giving bad advice is not excluded from coverage, the general liability policies cover the risk.
The exclusions in both the Lumberman's Mutual and the American Manufacturer’s general liability policies are identical:
Coverage does not apply:
... to bodily injury or property damages due to rendering of, or failure to render any scientific or professional service, consulting business, or technical services including but not limited to:
(a) legal, accounting, advertising, engineering, drafting, architectural, ...
The operative language in the Continental Casualty Company policy provides as follows:
With respect to any professional services shown in the Schedule, [Accounting Office was listed] this insurance does not apply to “bodily injury”, “property damage”, or “advertising injury due to the rendering or failure to render any professional service.”
This type of exclusion is common in most comprehensive general liability policies. McKenzie and Johnson, Louisiana Civil Law Treatise on Insurance Law and Practice.
Appellants contend that giving investment advice is outside the scope of a CPA’s profession, and they offered an expert witness to support their claim. Appellants also maintain that there is a material issue of fact which would preclude summary judgment because of the definition of public accounting under LSA-R.S. 37:72.
It states in pertinent part that public accounting means:
1) Offering to perform or performing for the public accounting or accounting related services by holding oneself out as a certified public accountant or as a firm of certified accountants.
Appellants contend that “investment advice” is not covered by that definition, or at least a material issue of fact exists as to whether it is accounting services.
We disagree, particularly under the facts of this case. We do not have to consider if all investment advice lies within the scope of a CPA’s professional conduct because, in this instance, the advice was given as an adjunct to accounting work within the ambit of a CPA’s profession. After their CPA determined that their tax liability was substantial, appellants sought his professional advice to avoid future tax consequences they believe were undesirable. The advice given was for the purpose of advising appellants how best to avoid taxes, and this advice is conduct clearly within the scope of a CPA’s professional services. It is clearly “accounting related services” within the definition above, and within the CPA’s expertise to advise clients how to avoid *173 undesirable tax consequences. In deciding the advice given was within the meaning of the exclusionary clause, excluding professional services, we note that in Aker v. Sabatier 200 So.2d 94 (La.App. 1st Cir. 1967) the First Circuit found that “professional services ... means service performed by one in the ordinary course of practice of his profession, on behalf of another, pursuant to some agreement, express or implied, and for which it could be reasonably expected some compensation would be due.”
AFFIRMED.