# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2010

No. 09-10412
Summary Calendar

Charles R. Fulbruge III
Clerk

LUZ M. REYES, Individually and as Representative of the Estate of JOSE PACHECO CEBALLOS, Deceased, and as Representative of the Estate of Carmen Ceballos, Deceased, and as Guardian of A. R., Minor Child,

Plaintiff - Appellant

v.

THE CITY OF PLAINVIEW,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CV-56

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Ceballos, Jr., was shot and killed by Officer William Bridgwater of the City of Plainview's police department during an incident at Ceballos's home. His family (the "Ceballos Family") sued Bridgwater; his supervisor, Jose Porras; the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10412

Chief of Police, William Mull; and the City of Plainview[1] under 42 U.S.C. § 1983 and certain state law theories. The district court granted summary judgment to the City and dismissed the state law claims on their merits. The Ceballos Family appealed.[2] We AFFIRM.

## I. Facts

On September 11, 2006, Luz Maria Reyes telephoned 911 and reported that her brothers, Ceballos and Andres Pacheco, were fighting at the apartment in Plainview, Texas, where their mother, Carmen Ceballos, lived, and then hung up on the operator. Bridgwater responded to the call, and Porras arrived shortly thereafter. The parties dispute the sequence of events; suffice it to say that Bridgwater broke down the door when Ceballos declined to open it. Ceballos moved into the entryway holding a kitchen knife in one hand and a cigarette in the other. Bridgwater told Ceballos to drop the knife. Bridgwater contends that Ceballos stepped towards him with the knife raised, while the Ceballos Family contends that he simply swayed back and forth while holding the knife at his side. It is undisputed that Bridgwater fatally shot Ceballos.

The Ceballos Family sued for violation of Ceballos's constitutional rights under 42 U.S.C. § 1983 and asserted a number of additional state tort claims—gross negligence, assault, wrongful death, intentional infliction of

---

[1] The appeal involving the disposition of the case against the individual defendants has proceeded separately under Case No. 09-10076 which was recently decided. *Reyes v. Bridgwater*, 09-10076, 2010 LEXIS App. 1502 (5th Cir. January 22, 2010)(unpublished), The Ceballos Family urged us to hold this decision pending our decision in that case. Because we conclude that the case against the City of Plainview fails even if the case against some or all of the individual defendants were reversed, we determined not to hold this appeal pending resolution of that one. In the meantime, that case was decided.

[2] Appellants' counsel has notified the court that Carmen Ceballos, one of the original plaintiffs-appellants, died during the pendency of this appeal; the remaining appellant has accordingly moved for substitution of parties pursuant to Federal Rule of Appellate Procedure 43(a)(1). The City of Plainview filed no response or objection to the motion within the time specified by Federal Rule of Appellate Procedure 27(a)(3)(A). We therefore deem the motion unopposed and GRANT the appellant's motion to substitute parties.

No. 09-10412

emotional distress, failure to adequately supervise, failure to discipline, and failure to train.   The district court granted the City's motion for summary judgment, and this appeal followed.[3]

## II.  Standard of Review

We review a grant of summary judgment de novo.  *N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co.*, 541 F.3d 552, 555 (5th Cir. 2008).  Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); that is, "[a]n issue is material if its resolution could affect the outcome of the action."  *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409 (5th Cir. 2002).   When reviewing a grant of summary judgment, we view all facts and evidence in the light most favorable to the non-moving party.  *United Fire & Cas. Co. v. Hixson Bros.*, 453 F.3d 283, 285 (5th Cir. 2006).  In doing so, we "refrain from making credibility determinations or weighing the evidence."  *Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 418 (5th Cir. 2008).  However, to avoid summary judgment, the non-movant must go beyond the pleadings and come forward with specific facts

---

[3] The district court also granted the City's motion to dismiss the Ceballos Family's state law claims against the City for failure to state a claim upon which relief could be granted.  The district court explained that, under section 101.025 of the Texas Civil Practice and Remedies Code, the State of Texas has not waived sovereign immunity for intentional acts and that all of the Ceballos Family's claims against the City involved intentional acts. While the Ceballos Family purports to appeal that determination, the lone argument advanced on appeal is that reversal of the district court's finding that no constitutional violation occurred would necessitate revisiting this judgment.  We fail to see, however, in what respect the district court's finding that the City cannot be held liable for intentional conduct is conceivably predicated on the determination that no constitutional violation occurred.  In any event, we did not reverse the holding on the federal claim.  We thus AFFIRM the dismissal of the state claims.

No. 09-10412

indicating a genuine issue for trial. *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006). We may "affirm a grant of summary judgment on any grounds supported by the record and presented to the [district] court." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

## III.  Discussion

Municipal liability under § 1983 may not be predicated on *respondeat superior*. *Pitrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Rather, the plaintiff must demonstrate: "(1) that the municipal employee violated [the decedent's] clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528–29 (5th Cir. 1999). Under the second prong, the plaintiff must identify a policymaker and show that an official policy is the "moving force" behind the municipal employee's allegedly unconstitutional act. *Pitrowski*, 237 F.3d at 578. The objective deliberate indifference standard "considers not only what the policymaker actually knew, but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the [decedent's] rights." *Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002); *see Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003) ("Knowledge on the part of a policymaker, [either actual or constructive,] that a constitutional violation will most likely result from a given official custom or policy is a *sine qua non* of municipal liability under section 1983.").

The Ceballos Family has failed to produce summary judgment evidence that Police Chief Mull—the only alleged policymaker identified—was an official policymaker for the City. His acknowledgment of responsibility for his department does not convert him into the City's policymaker. *See Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1246–48 (5th Cir. 1993) (explaining the

4

distinction between decisionmaking authority and final policymaking authority); *Gros v. City of Grand Prairie*, 181 F.3d 613, 616–17 & n.2 (5th Cir. 1999) (noting that whether a police chief is the policymaker in a given city is a fact issue). More importantly, the Ceballos Family has failed to identify a policy or custom that is directly linked to the alleged violation here. The only argument made is that the City had knowledge of some reckless driving on Bridgwater's part. Even if that were true, it does not show that the City knew that Bridgwater would use excessive force, nor does it show that there was a policy or custom that would "most likely" lead to the constitutional violation allegedly committed.

Because the district court correctly determined in its alternative grounds for judgment that Ceballos Family failed to raise a material fact issue as to the second prong for municipal liability, we need not reach the first prong. Thus, we do not reach the Ceballos Family's argument that the district court erred in concluding that the City has no liability because there was no constitutional violation.

AFFIRMED.  SUBSTITUTION MOTION GRANTED.