# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 24, 2010

No. 10-10332
Summary Calendar

Lyle W. Cayce
Clerk

KENNETH ALDEN LOCKAMY,

Plaintiff-Appellant,

versus

STEVIE RODRIGUEZ, Officer; GARY PERRY, Officer;
JERRY SERRANO, Officer; BLENDIA YOUNG, Officer;
RODRIGUEZ 12:20, Officer; JOSE LERMA, Officer;
FREDRICK GONZALES, Officer; EUGENE WEITMAN, Officer;
ROBERT REMERO, Officer; EVONNE SAPP, Officer;
GOLDIE MCCOLLOUGH, Officer; SAMUEL AGUILAR, Officer;
RICKY RODRIGUEZ,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 5:08-CV-21

No. 10-10332

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kenneth Lockamy, Texas prisoner # 1313595, appeals a summary judgment in his 42 U.S.C. § 1983 civil suit in which he claimed that prison officials had violated his Eighth Amendment right against cruel and unusual punishment by depriving him of six meals over a 54-hour period. Lockamy contends that the district court erred in concluding that he had not alleged that he suffered any adverse physical effects from missing any meals and had failed to state a claim of retaliation.

A summary judgment is reviewed *de novo*. *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 348 (5th Cir. 2007). This court views all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros*, 456 F.3d 283, 285 (5th Cir. 2006). If a motion for summary judgment is properly supported, the opposing party "may not rely merely on allegations or denials in its own pleadings" but must, in its response, "set out specific facts showing a genuine issue for trial."[1] This court views all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros*, 456 F.3d 283, 285 (5th Cir. 2006). Even if we disagree with the reasons given by the district court to support summary judgment, we "may affirm the district court's ruling on any grounds supported by the record." *Berquist*, 500 F.3d at 349.

"Prison officials have a constitutional obligation to provide reasonably ade-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Rule 56(e)(2); *see also Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (noting that a nonmovant cannot satisfy his summary judgment burden "with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence") (internal quotation marks and citations omitted).

quate food" to inmates.[2]  To state an Eighth Amendment claim, Lockamy must show that the conditions were "so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need." *Berry*, 192 F.3d at 507.  He also must show that prison officials acted with deliberate indifference, such that the officials were aware of facts from which an inference of the substantial risk of serious harm could be drawn and that the officials actually drew this inference.  *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).  Courts consider the amount and duration of the deprivation of food in determining whether a constitutional right has been infringed and have recognized that the provision of two meals a day may be adequate to meet the minimal measure of life's necessities.  *Berry*, 192 F.3d at 507.

In *Berry*, we held that the deprivation of eight meals over a seven-month period did not deprive an inmate of the minimal measure of life's necessities.  *Id.* at 506-08.  We concluded that Berry's allegations did not rise to the level of an Eighth Amendment violation. because he had not alleged specific physical harm, other than hunger pains.  *Id.* at 508.  Nor had he alleged that he suffered weight loss, other adverse physical effects, or health risks or that he was denied a "nutritionally and calorically adequate diet."  *Id.*

The district court, relying on *Berry*, concluded that although there was a fact issue regarding whether Lockamy had been deprived of every meal during the 54-hour period, he still had failed to state an Eighth Amendment claim, because he had not alleged that he suffered physical injury as a result of missing any meals.  Lockamy contends that his assertion that he had caused two self-inflicted injuries as a result of being deprived food was sufficient to allege a physical injury.  His summary judgment evidence, however, did not include any facts or medical evidence from which the district court could conclude that any alleged

---

[2] *Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994) (footnotes omitted); *see Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (recognizing that inmates should be provided with balanced meals that have sufficient nutritional value to maintain health).

deprivation of food was the actual cause of his self-inflicted wounds. In fact, he acknowledged that he had a well-documented history of causing harm to himself that predated the events surrounding this case. His unsubstantiated assertion that he harmed himself because he was deprived of food cannot satisfy the summary judgment burden. *See Hathaway*, 507 F.3d at 319.

To state a retaliation claim, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). After showing invocation of a constitutional right, the prisoner must "produce direct evidence of motivation" or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citations omitted). Furthermore, the retaliatory adverse act must be more than *de minimis* to state a viable retaliation claim; the act must be "capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006).

Lockamy provides no concrete evidence to establish that any acts of food deprivation were directly motivated by retaliation. In addition, he fails to produce a chronology of events from which retaliation could be plausibly inferred. His speculation that officers maliciously deprived him of food as a result of a campaign of retaliation is not enough to state a constitutional claim. *See Woods*, 60 F.3d at 1166. Moreover, his personal belief that he was the victim of retaliation is not sufficient to support a retaliation claim. *Jones*, 188 F.3d at 325. An effort to show of retaliation places a heavy burden on prisoners, and mere conclusional allegations are not enough.[3] Accordingly, the judgment is AFFIRMED.

---

[3] *Woods*, 60 F.3d at 1166; *see also Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995) (stating that conclusory allegations of malice are not sufficient to maintain a retaliation claim).