# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 13-20637
Summary Calendar

May 21, 2014

Lyle W. Cayce
Clerk

LINDA TAYLOR,

Plaintiff - Appellant

v.

TEXAS SOUTHERN UNIVERSITY,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 4:12-CV-1975

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Linda Taylor ("Taylor") appeals the district court's grant of summary judgment in favor of Texas Southern University ("TSU") on her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20637

## I.    Background

In 1999, Taylor began working at TSU's College of Education, initially as an Administrative Assistant.  During the course of her tenure with TSU, Taylor was promoted several times and, in 2010, Taylor became College Business Administrator II ("CBA") for the College of Education.  However, in 2011, Taylor was demoted from CBA to Administrative Assistant.  Thereafter, Taylor filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the EEOC issued Taylor a Notice of Right to Sue.  After TSU terminated her employment, Taylor brought the instant action in federal court.

In her amended complaint, Taylor alleged that:  (1) TSU discriminated against her on the basis of age, gender, and race in violation of Title VII and the Texas Commission on Human Rights Act, TEX. LABOR CODE ANN. § 21.001, *et seq.* ("TCHRA"); (2) TSU retaliated against her for complaining of the aforementioned discrimination in violation of Title VII, the TCHRA, and the Texas Whistleblower Act, TEX. GOV'T CODE § 554.001, *et seq.* ("TWA"); and (3) TSU demoted her in violation of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA").

TSU moved to dismiss Taylor's TCHRA, TWA, and FMLA claims, as well as her age discrimination claim under Title VII.  The district court granted the motion.  Thereafter, TSU moved for summary judgment on Taylor's remaining claims, which the district court granted.  After the district court entered final judgment in favor of TSU, Taylor timely appealed.

## II.    Standard of Review

We review a grant of summary judgment *de novo*, applying the same standard as the district court.  *See Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 448 (5th Cir. 2007).  Summary judgment is appropriate if the moving party can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

2

No. 13-20637

The evidence must be viewed in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

### III.    Discussion

On appeal, Taylor raises only one challenge[1] to the district court's judgment:  she argues that her amended complaint contained a hostile work environment claim under Title VII and that the district court erred by failing to address that claim in its summary judgment order.  To allege a hostile work environment claim, a party must claim that:  (1) she is a member of a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her membership in a protected class; (4) the harassment affected a term, condition, or privilege of her employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action.  *See Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).

After reviewing the amended complaint, we conclude that Taylor did not assert a Title VII hostile work environment claim.  Although Taylor alleges in the amended complaint that she was subject to a "hostile work environment" during her employ at TSU, she never alleges that the alleged hostility was based on her membership in a protected class.  Instead, she alleged that she was harassed because she disclosed purported malfeasance committed by other TSU employees.  Moreover, Taylor explicitly identified her various causes of action in her amended complaint, but she did not identify a hostile work environment claim.

In order to state a claim for relief, Taylor's amended complaint had to contain "a short and plain statement of the claim showing that the pleader is

---

[1]   Her opening brief frames the issue this way:  "Whether this case should be remanded, given that Defendant's Motion for Summary Judgment and the district court failed to address Taylor's Title VII hostile work environment claim."

entitled to relief." FED. R. CIV. P. 8(a)(2). To the extent Taylor intended to assert a Title VII hostile work environment claim, she failed to meet even the most minimal of pleading standards. *See Clayton v. ConocoPhillips Co.*, 722 F.3d 279, 300 (5th Cir. 2013) ("Rule 8(a)(2) requires at least some precision in pleading."). To the extent Taylor attempts to raise such a claim for the first time on appeal, we do not consider it. *See Cutrera v. Bd. Of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."); *In re Duncan*, 562 F.3d 688, 697 (5th Cir. 2009) ("It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered.").

AFFIRMED.