# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60745

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2015

Lyle W. Cayce
Clerk

DEBBIE KOPSZYWA,

> Plaintiff - Appellant

v.

HOME DEPOT USA, INCORPORATED,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC 1:12-CV-394

Before DAVIS, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

    Plaintiff-Appellant Debbie Kopszywa ("Kopszywa") filed this suit, alleging that her former employer, Defendant-Appellee Home Depot USA, Incorporated ("Home Depot"), subjected her to age discrimination, sex discrimination, and retaliation in violation of Title VII and the Age Discrimination in Employment Act ("ADEA"). Kopszywa appeals the district court's order granting summary judgment in Home Depot's favor on all of her

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60745

claims. Because Kopszywa has not raised a genuine issue of material fact on the issue of pretext, we affirm.

I.

Home Depot hired Kopszywa as a loss prevention manager at its Gulfport, Mississippi location in 1999. Kopszywa rose through the ranks to become the store manager at Home Depot's location in Picayune, Mississippi in 2010. With the exception of a single occasion where Home Depot gave Kopszywa an adverse performance notice because her store failed to post a promotional sign, Home Depot did not give Kopszywa any negative employment evaluations or discipline/performance notices during the first decade of her employment with the company.

Just a few months after Kopszywa began managing the Picayune store, Scott Murry ("Murry")[1] transferred from a Home Depot district in Oregon to become the manager of Kopszywa's district in Mississippi. Murry is a male who is approximately fifteen years younger than Kopszywa. Murry and Kopszywa had no problems with each other at first, and Murry did not give Kopszywa any adverse discipline/performance notices during the first few months of his tenure in Mississippi. In March 2011, Murry gave Kopszywa a largely positive performance review.

However, in July 2011, Murry gave Kopszywa a written adverse performance notice. Murry disciplined Kopszywa for failing to keep products in stock. Kopszywa admits that her store did not keep enough tubs in stock, but denies that her store had any of the other problems that Murry listed in

---

[1] The record is inconsistent with respect to whether Murry's name is spelled "Murry" or "Murray." Following the district court's lead, we will use "Murry."

performance notice. Kopszywa also claims that it was impossible for her to restock the tubs before Murry inspected her store.

Murry gave Kopszywa a second written notice in August 2011. Kopszywa had permitted an assistant store manager to stay at her apartment in Picayune. Several employees had complained that this created an appearance of favoritism in the store, and Murry agreed. Kopszywa claims that Home Depot never told her that allowing employees to stay in her apartment would violate company policy.

A week later, Murry gave Kopszywa a verbal disciplinary notice for smoking a cigarette in her work apron outside the store.

Murry gave Kopszywa a third written notice in October 2011 and a fourth notice in November 2011. Each notice cited a number of Home Depot directives that Kopszywa had allegedly failed to implement. Kopszywa denies committing some of the disciplinary violations listed in the October and November notices.

Around this time, Kopszywa contacted the district's human resource department "on a weekly basis about her concerns about [Murry's] treatment of [her]." Kopszywa's affidavit states: "I told [the HR employee] I had realized I was a target for termination and, on several occasions, told her I believed this was because of my gender and my age."[2] The HR department notified Murry that Kopszywa had reported these concerns.

Home Depot recommended Kopszywa for termination in December 2011. Home Depot relied on the four written disciplinary notices that Murry gave Kopszywa, as well as an assortment of other violations that Kopszywa allegedly committed, when submitting her severance package request.

---

[2] Home Depot argues that the Court should disregard this statement in Kopszywa's affidavit. As explained below, Kopszywa has failed to demonstrate a genuine issue of material fact even if we consider the affidavit.

No. 14-60745

Although Murry was the Home Depot employee who initiated the termination process, several other employees – many of whom are female – also participated in the decision.

Home Depot ultimately terminated Kopszywa on January 6, 2012. Kopszywa was fifty-eight years old at that time. Home Depot replaced Kopszywa with a younger male employee. Kopszywa claims that Home Depot unlawfully terminated her on the basis of age and sex, as well as in retaliation for complaining to HR about Murry's discriminatory treatment of her.

After exhausting her administrative remedies, Kopszywa sued Home Depot for (1) age discrimination under the ADEA; (2) sex discrimination under Title VII; and (3) retaliatory discharge.[3] Importantly, Kopszywa alleges that Murry is the only employee who discriminated against her at Home Depot.

The district court granted summary judgment in Home Depot's favor on all of Kopszywa's claims. The district court ruled that Kopszywa failed to raise a genuine dispute of material fact on the issue of pretext with respect to any of her claims. Kopszywa now appeals that judgment.

II.

"We review the grant of a motion for summary judgment de novo, applying the same standard as the district court."[4] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5]

---

[3] Kopszywa also raised a hostile work environment claim against Home Depot in the district court, but she does not pursue that claim on appeal.

[4] *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (citing *Threadgill v. Prudential Sec. Grp., Inc.*, 145 F.3d 286, 292 (5th Cir. 1998)).

[5] FED. R. CIV. P. 56(a).

No. 14-60745

"When considering a motion for summary judgment, the court views all facts and evidence in the light most favorable to the non-moving party."[6]

III.

We shall first consider Kopszywa's discrimination claims. Kopszywa's age discrimination claim is based almost entirely on the same evidence as her sex discrimination claim, so we will analyze those two claims simultaneously.[7]

Kopszywa relies solely on circumstantial evidence to support her discrimination claims. As a result, the *McDonnell Douglas*[8] three-step burden-shifting framework applies. First, Kopszywa must produce sufficient evidence to support a *prima facie* case of discrimination.[9] If she does so, the burden then shifts to Home Depot to "articulate a legitimate, nondiscriminatory reason" for the adverse employment action.[10] Then, if Home Depot meets that burden, Kopszywa must produce sufficient evidence that Home Depot's proffered reason for terminating her is a pretext for discrimination.[11]

Home Depot concedes for the purposes of this appeal that Kopszywa has established a *prima facie* case for age and sex discrimination. Home Depot has articulated a "legitimate, nondiscriminatory reason" for terminating Kopszywa: poor work performance. Specifically, Home Depot contends that Kopszywa repeatedly failed to abide by company policies and directives.

---

[6] *Moss*, 610 F.3d at 922 (citing *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006)).

[7] *See Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 319-20 (5th Cir. 2014) (per curiam) ("Because Munoz's claims under Title VII [and] the ADEA . . . involve the same conduct alleged above, we discuss them together.").

[8] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[9] *Jackson v. Watkins*, 619 F.3d 463, 466 (5th Cir. 2010) (citing *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411-12 (5th Cir. 2007)).

[10] *Id.* (citing *Burrell*, 482 F.3d at 412).

[11] *Id.* (citing *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)).

No. 14-60745

Therefore, the only question is whether Kopszywa has demonstrated a genuine dispute of material fact on the issue of pretext.

An employee creates a genuine dispute of material fact on the issue of pretext if she produces sufficient evidence "that the legitimate reasons offered by the defendant were not its true reasons."[12] "An employee can show pretext 'either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence.'"[13]

Kopszywa first argues that the district court applied an incorrect legal standard when evaluating her pretext evidence. According to Kopszywa, the district court improperly required her to not only produce evidence that Home Depot's proffered reason was false, but also to produce evidence "that discrimination was the real reason" for the adverse employment action. Kopszywa claims that the district court's statement of the law contradicts the Supreme Court's decision in *Reeves v. Sanderson Plumbing Products, Inc.*[14]

We find no fault with the district court's recitation of the applicable legal principles. *Reeves* merely holds that it is generally "*permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation."[15] The *Reeves* court explicitly noted that evidence of pretext will not always be sufficient to survive summary judgment.[16]

---

[12] *Squyres v. Heico Cos.*, 782 F.3d 224, 231 (5th Cir. 2015) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)).

[13] *Id.* (quoting *Moss*, 610 F.3d at 922).

[14] 530 U.S. 133.

[15] *Id.* at 147 (emphasis in original).

[16] *Id.* at 148 (citations omitted) ("Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory.").

"Although *Reeves* was based on a motion for judgment as a matter of law, the standard is the same for summary judgment." *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 n.1 (5th Cir. 2002) (citing *Pratt v. City of Hous.*, 247 F.3d 601, 607 n.3 (5th Cir. 2001)).

No. 14-60745

After reviewing the parties' arguments and the entirety of the summary judgment record, we conclude that the district court did not reversibly err in granting summary judgment to Home Depot on Kopszywa's discrimination claims. Kopszywa admits that she committed numerous disciplinary violations. Those violations alone could form a lawful basis for her termination.[17] Although Kopszywa denies that she committed some of the other disciplinary violations that Home Depot cited in her severance package request, "a fired employee's actual innocence of h[er] employer's proffered accusation is irrelevant as long as the employer reasonably believed it and acted on it in good faith."[18] There is no evidence that Murry did not or could not reasonably believe that Kopszywa committed the violations in question. Kopszywa's other categories of evidence are not probative of pretext either.

IV.

We now turn to Kopszywa's retaliation claims. Kopszywa alleges that Murry retaliated against her because she reported to Home Depot's human resource director "on a weekly basis about her belief that [Murry] was targeting her for termination because of gender and/or age." The summary judgment record does not contain written records of Kopszywa's complaints to HR, which would have been discoverable if they existed. Nevertheless, Kopszywa's affidavit suggests that she spoke with an HR representative about Murry every week of the "last six months of [her] employment with Home Depot," which would have been around the time that Murry gave her the second disciplinary notice.

---

[17] *See LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007) ("Our job as a reviewing court conducting a pretext analysis is not to engage in second-guessing of an employer's business decisions." (citations omitted)).

[18] *Cervantez v. KMGP Servs. Co.*, 349 F. App'x 4, 10 (5th Cir. 2009) (citing *Waggoner v. City of Garland*, 987 F.2d 1160, 1165 (5th Cir. 1993)).

No. 14-60745

The district court ruled that Kopszywa failed to produce sufficient evidence that Home Depot would not have terminated her "but for" her protected activities. For the following reasons, we agree.[19]

The *McDonnell Douglas* three-step burden-shifting framework governs Kopszywa's retaliation claims under Title VII and the ADEA just as it governs her discrimination claims.[20] We will assume *arguendo* that Kopszywa has established a prima facie case. Again, Home Depot has satisfied its burden to articulate a legitimate, non-discriminatory reason for terminating Kopszywa: poor work performance. "Therefore, the ultimate issue is whether [Home Depot] unlawfully retaliated against [Kopszywa] for exercising protected activity."[21]

"In order to avoid summary judgment" on a retaliation claim, "the plaintiff must show 'a conflict in substantial evidence' on the question of whether the employer would not have taken" the challenged adverse employment action "'but for' the protected activity."[22] As a matter of law, "'[b]ut for' causation . . . cannot be established by temporal proximity alone."[23] Temporal proximity may only create a genuine dispute of material fact on the issue of but-for causation if the employee also introduces other probative evidence of pretext.[24]

---

[19] Home Depot asks us to disregard Kopszywa's affidavit when evaluating the summary judgment evidence. Kopszywa's retaliation claim fails even if we consider her affidavit, so we need not reach this issue.

[20] *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (Title VII); *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1121-22 (5th Cir. 1998) (ADEA).

[21] *Sherrod*, 132 F.3d at 1122.

[22] *Feist v. La. Dep't of Justice, Office of the Attorney Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (quoting *Long v. Eastfield Coll.*, 88 F.3d 300, 308 (5th Cir. 1996)) (Title VII). *See also Sherrod*, 132 F.3d at 1122 (ADEA).

[23] *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012) (citing *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007)).

[24] *Id.* (citing *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 408-09 (5th Cir. 1999)).

No. 14-60745

On appeal, Kopszywa relies solely on temporal proximity to support her retaliation claims. Thus, as a matter of law, she has not created a genuine dispute of material fact on the issue of but-for causation.[25] Moreover, even if we considered the pretext evidence that Kopszywa advanced to support her *discrimination* claim, that evidence is insufficient to create a genuine dispute of material fact. The district court therefore properly granted summary judgment in Home Depot's favor on her retaliation claims.

AFFIRMED.

---

[25] *See id.* (citing *Strong*, 482 F.3d at 808).