# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2010

Lyle W. Cayce
Clerk

No. 09-10635

RICK JACKSON,

Plaintiff-Appellant,

v.

CRAIG WATKINS, in his individual and official capacities; DALLAS COUNTY,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas, Dallas Div.

Before DeMOSS, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Rick Jackson appeals the district court's grant of summary judgment in favor of defendants-appellees on his claims that he was discharged on account of his race in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e; 42 U.S.C. § 1981; and § 21.051 of the Texas Commission on Human Rights Act, Tex. Labor Code Ann. § 21.001 *et seq.* (Vernon 2006). For the following reasons, we AFFIRM.

## I.

Prior to his termination, Rick Jackson, who is Caucasian, served in the Dallas County District Attorney's office for nearly seventeen years. He began

No. 09-10635

his career at that office as a misdemeanor prosecutor in 1990, and he was promoted in 1996 to the position of chief prosecutor of a felony court, where he amassed over 330 jury trials and a conviction rate of ninety-four percent. In 2006, he was promoted to the position of division chief of the Organized Crime Division ("OCD"). Throughout his career in the OCD, Jackson worked on a number of high-level drug cases and drug-related murder cases, and he was given responsibility for training and supervising dozens of new prosecutors. Jackson received commendations from various community members, and he obtained high marks in employment reviews for ethics and professionalism. His employment records also reflect that he received strong evaluations in such areas as fostering teamwork, creating a productive and positive work environment, and fostering open communication. Jackson's career at the District Attorney's Office ended in December 2006 when newly elected Dallas County District Attorney Craig Watkins terminated him. It is undisputed that Watkins, who is African-American, initially replaced Jackson with an African-American.

After exhausting his administrative remedies, Jackson sued Dallas County and Watkins, in his personal and official capacities, for terminating him based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and § 21.051 of the Texas Commission on Human Rights Act, Tex. Labor Code Ann. § 21.001. Defendants denied all claims, and Watkins asserted qualified immunity as to those claims filed against him in his individual capacity. In November 2008, defendants filed a motion for summary judgment alleging that (1) Jackson could not recover under Title VII because he was a member of Watkins's personal staff, not an "employee" entitled to the protections of Title

No. 09-10635

VII; (2) the evidence in the summary-judgment record was legally and factually insufficient to overcome Watkins's legitimate, nondiscriminatory reasons for terminating Jackson's employment; (3) Watkins was entitled to qualified immunity for claims asserted against him in his individual capacity; and (4) Jackson's state-law claim should be dismissed without prejudice. Jackson filed a response disputing all of Watkins's contentions, and he also filed a motion pursuant to Federal Rule of Civil Procedure 56(f) seeking a continuance for additional discovery.

In May 2009, the district court denied Jackson's motion for a continuance and granted defendants' motion for summary judgment. The court found that, because Jackson had submitted sufficient evidence to show that he was an employee within the meaning of Title VII and was not a member of the District Attorney's personal staff, a genuine issue of material fact existed as to whether he was entitled to the protections of Title VII. Nevertheless, the court granted summary judgment in favor of defendants on Jackson's Title VII claim because Watkins had failed to provide summary-judgment evidence to rebut any of Watkins's four proffered "legitimate, nondiscriminatory reasons" for terminating Jackson. The court did not reach the question whether Watkins was entitled to qualified immunity, and it dismissed Jackson's state-law claims without prejudice. *See McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998) ("[W]hen all federal claims are dismissed or otherwise eliminated from a case prior to trial, we have stated that our 'general rule' is to decline to exercise jurisdiction over the pendent state law claims." (citation omitted)), *overruled in part on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (en banc). This appeal followed.

No. 09-10635

## II.

We review the district court's grant of summary judgment *de novo*. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 386 (5th Cir. 2007). Summary judgment is appropriate when "the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Breaux v. Halliburton Energy Servs.*, 562 F.3d 358, 364 (5th Cir. 2009). This court must take all the facts and evidence in the light most favorable to Jackson, the non-moving party. *See Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010).

## III.

Because claims brought pursuant to Title VII and § 1981 are "governed by the same evidentiary framework," such that the analyses under both statutes are substantively the same, we analyze Jackson's Title VII and § 1981 claims together. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281 n.7 (5th Cir. 2004). Pursuant to Title VII, it is a violation of federal law for an employer to discharge an employee because of race. *See* 42 U.S.C. § 2000e-2(a). Title VII affords employees the option of proving a violation through either direct or circumstantial evidence. Because Jackson's claim is based on circumstantial evidence, we analyze it under the three-step, burden-shifting analysis embodied in the "modified *McDonnell Douglas* approach." *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). Pursuant to this framework, Jackson must first establish a prima facie case of discrimination. *See id.* at 411-12. Second, once Jackson establishes a prima facie case, Watkins

4

No. 09-10635

must then articulate a legitimate, nondiscriminatory reason for terminating him. *See id.* at 412. Third, assuming that Watkins meets this burden, Jackson must then show that Watkins's legitimate, nondiscriminatory reasons were pretexts for discrimination.[1] *See Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

As the first two steps of the modified *McDonnell Douglas* burden-shifting analysis are satisfied,[2] the only question on appeal is whether Jackson has met his burden of producing evidence sufficient to show pretext with respect to Watkins's four proffered reasons for terminating Jackson:

> (1) it was important to Watkins to bring a new image and sense of purpose to the OCD following the "fake drug scandal" that occurred in that division under the previous administration; (2) he believed he could not trust Jackson to follow his policies and practices; (3) Watkins' own experience with Jackson was overwhelmingly negative; and (4) Jackson's reputation within the District Attorney's Office and within the legal community practicing in the felony courts in Dallas was that Jackson was disrespectful, unnecessarily confrontational, and uncooperative.

The district court found that Watkins was entitled to summary judgment because Jackson failed to address, much less rebut, each of Watkins's proffered

---

[1] Jackson conceded at oral argument that this is solely a pretext case, not a mixed-motive case, so we consider any mixed-motive arguments to be waived. *See Saavedra v. Murphy Oil U.S.A., Inc.*, 930 F.2d 1104, 1109 (5th Cir. 1991).

[2] Watkins originally conceded that Jackson could show the prima facie discrimination case. On appeal, Watkins contends for the first time that, since September of 2007, nine months after Jackson's termination, another Caucasian attorney held his position. Because Jackson was initially replaced by an African-American and Watkins conceded in the district court that Jackson had established his prima facie case, we proceed to the third step of the analysis.

reasons for terminating Jackson.  It also found that Jackson's summary-judgment evidence was insufficient to rebut two of Watkins's proffered reasons.

On appeal, Jackson asserts that (1) Fifth Circuit precedent does not require him to rebut all of Watkins's proffered reasons to preclude summary judgment and (2) even if he were required to rebut all of Watkins's reasons, he submitted sufficient evidence to do so.  We address these arguments in turn.

Because our precedent is clear that a plaintiff asserting a Title VII claim must rebut each of the defendant's nondiscriminatory reasons in order to survive summary judgment, Jackson's contention that he is required to rebut only some of Watkins's reasons is without merit.  We have long recognized that to satisfy step three of the *McDonnell Douglas* framework, a plaintiff "must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001); *see Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).  Where a plaintiff "falls short of [his] burden of presenting evidence rebutting *each* of the legitimate nondiscriminatory reasons produced by [the employer]," summary judgment is appropriate. *Wallace*, 271 F.3d at 222 (emphasis in original); *see also Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 184 (5th Cir. 1999); *accord Rubinstein v. Admins. of Tulane Edu. Fund*, 218 F.3d 392, 400-01 (5th Cir. 2000) (affirming grant of summary judgment on behalf of the employer where the plaintiff produced evidence of pretext as to some, but not all, of the employer's nondiscriminatory reasons).  Accordingly, Jackson cannot withstand summary judgment without providing sufficient evidence to rebut each of Watkins's nondiscriminatory reasons.  He has not done so.

No. 09-10635

Jackson failed to bring forth summary-judgment evidence to rebut Watkins's contention that his own experience with Jackson was overwhelmingly negative. Therefore, we find that the district court did not err in granting summary judgment on behalf of defendants.[3]

Before the district court, Jackson did not respond specifically to Watkins's contention that he had experienced negative personal interactions with him, but instead argued generally that "[t]he reasons given by Defendant Watkins for firing Mr. Jackson are nothing more than a pretext for discrimination." He then sought to rebut all four reasons with statistical evidence of Watkins's alleged replacement of Caucasian division chiefs with African-Americans. The district court rejected Jackson's statistical evidence as unreliable because it was not "assembled or compiled so as to present any statistically significant or meaningful information about Watkins's employment decisions." But even assuming *arguendo* that his statistics were reliable, we agree with the district court that such evidence is not sufficient here to raise a genuine issue of material fact in the absence of evidence tailored to rebut Watkins's specific reason of terminating Jackson—negative personal interactions.[4] *See E.E.O.C. v.*

---

[3] We note, however, that the district court applied the incorrect analysis in evaluating the sufficiency of Jackson's proffered evidence presented to rebut two of Watkins's other proffered reasons—that Watkins believed Jackson had a bad reputation in the District Attorney's office, and that Jackson would refuse to follow his policies and procedures. The district court should have followed *Laxton v. Gap, Inc.*, 333 F.3d 572, 580 (5th Cir. 2003), which provides that an employee's burden of demonstrating pretext is satisfied where he brings evidence "challenging the substance" of the employer's reason together with "evidence that undermines the overall credibility of [the employer's] proffered justification." *Laxton*, 333 F.3d at 580.

[4] Jackson faults Watkins for failing to provide any "examples, experiences, or facts" to support his reason that his interactions with Jackson were negative. Watkins was not required

*Tex. Instruments, Inc.*, 100 F.3d 1173, 1184 (5th Cir. 1996) ("[S]tatistical evidence usually cannot rebut the employer's articulated nondiscriminatory reasons."); *accord Deloach v. Delchamps, Inc.*, 897 F.2d 815, 820 (5th Cir. 1990) (explaining that, although statistical data may occasionally establish pretext where it is combined with additional evidence, it is generally insufficient to raise a genuine issue of material fact in cases where a plaintiff puts forward no additional evidence that a specific nondiscriminatory reason is pretextual).

Our review of the record confirms that Jackson put forward no additional evidence sufficient to refute this specific nondiscriminatory reason articulated by Watkins. Jackson contends that his numerous positive reviews, performance evaluations, and letters from community members prove that he was well respected in the community, but this evidence in no way undercuts Watkins's claim to have experienced negative interactions with Jackson such that he would not wish to retain Jackson as an employee. Jackson could have deposed Watkins in an effort to obtain contradictory testimony that could raise a genuine issue of material fact, but Jackson conceded at oral argument that the district court denied his Rule 56(f) motion for continuance to depose Watkins, and he has not appealed that ruling. Without additional evidence, Jackson cannot rebut Watkins's contention that he terminated Jackson not because of race, but because they had a history of negative personal interactions.[5]

---

to produce such evidence at this stage; rather, he "need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by racial animus" to avoid summary judgment. *Tex. Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 257 (1981).

[5] Our holding that Jackson has not met his summary-judgment burden is not an endorsement of Watkins's decision to terminate Jackson, a veteran prosecutor with seventeen years of experience. But it is not our place to second-guess the business decisions of an employer, so long as those decisions are not the result of discrimination. *See Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 372 (5th Cir. 1997)

No. 09-10635

Because we find that Jackson has failed to rebut one of Watkins's four proffered nondiscriminatory reasons for firing him, we need not address Watkins's remaining reasons for terminating Jackson,[6] nor do we reach the argument that Watkins is entitled to qualified immunity for those claims filed against him in his personal capacity. We therefore AFFIRM the district court's grant of summary judgment on Jackson's Title VII and § 1981 claims.

---

[6] Watkins proffered, as his first nondiscriminatory reason, his desire to create a "new image" for the District Attorney's Office. We do not address the difficult question whether a stated desire to create a "new image" could ever be a legitimate, nondiscriminatory reason for termination.