# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 3, 2011

No. 10-20667
Summary Calendar

Lyle W. Cayce
Clerk

HECTOR CHARLES HENRY,

Plaintiff–Appellant

v.

CONTINENTAL AIRLINES,

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2420

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff Hector Charles Henry, pro se, appeals the district court's grant of summary judgment to Defendant Continental Airlines ("Continental") on his discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). Because Henry did not present evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20667

creating a genuine dispute of material fact that would allow him to prevail under either claim, we affirm.

Henry worked as a customer service agent for Continental from 1997 until April 2006, when a work-related back injury caused his employment to be suspended.  In January 2008, Henry received a medical release allowing him to return to work subject to certain restrictions including lifting objects over a certain weight.   Because of his back injury and based on his doctor's recommendations, Henry was unable to resume his former job.  Continental encouraged Henry to apply for other jobs, and using Continental's online employee-restricted system, he applied to twenty-five jobs between April 2008 and April 2009.[1]  Henry's resumé listed his experience as a customer service agent for Continental, his twelve years as a tax auditor, and briefly, his experience as "Owner/Manager of [a] small business" for three years.  The online application forms asked several initial screening questions concerning flexibility regarding shift assignments and computer skills, in addition to requesting the applicant's resumé.

Continental presented evidence, uncontradicted by Henry, that based on his answers to the screening questions, the employment application system automatically found him unqualified for thirteen of the positions.  It also showed that two of the other positions he applied for were discontinued by Continental and never filled.  Of the remaining ten jobs, Henry was selected to interview by

---

[1] The jobs Henry applied for were (1) Dispatcher, (2) Staff Accountant, (3) Material Specialist, (4) Manager, Financial Services, (5) Auditor Field Services, (6) Controller I, Chelsea Food Services, (7) Crew Scheduler, (8) Accounting Clerk IV, (9) Payroll Analyst, (10) Cargo Reservation Specialist, (11) CRC Analyst, (12) Administrative Assistant, (13) Hub Administrative Specialist, IAH, (14) Assistant Manager, Chelsea Food Services, (15) Sr. Corporate Auditor, (16) Cargo Administrative Specialist, (17) Auditor Field Services, (18) Sr. Financial Analyst, (19) Accounting Clerk V, (20) Hub Administrative Specialist, IAH, (21) Senior Financial Analyst, (22) Financial Analyst, (23) Staff Manager Coordinator, (24) Administrative Specialist, and (25) Buyer, Chelsea Food Services.

2

No. 10-20667

telephone for two and was not interviewed for the other eight.  Ultimately, Continental selected other applicants for all ten positions.

Henry filed suit, pro se, against Continental on July 30, 2009, after receiving his right-to-sue notice from the Equal Employment Opportunity Commission.  His suit alleged that Continental had discriminated against him on the basis of race and disability in violation of Title VII and the ADA when it selected less qualified applicants for the jobs to which he had applied. Continental filed a motion for summary judgment on July 30, 2010, to which Henry did not timely respond.[2]  After considering the record as a whole, the district court granted summary judgment to Continental in a thorough opinion and order on September 9, 2010.  Henry then appealed the district court's grant of summary judgment to Continental.

This Court reviews a grant of summary judgment de novo, applying the same standard as the district court.  *Floyd v. Amite Cnty. Sch. Dist.*, 581 F.3d 244, 247 (5th Cir. 2009) (citing *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 725 (5th Cir. 1995)).  Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  This Court reviews  issues of fact in the light most favorable to the nonmoving party.  *Floyd*, 581 F.3d at 248 (citing *Dutcher*, 53 F.3d at 725).

Henry makes several arguments on appeal, but provides little evidence in support.  He alleges that Continental did not hire him for any of the twenty-five positions to which he applied because he is African-American or because of a physical disability resulting from his injury.  Additionally, he specifically contends that (1) Continental presented misleading and incomplete information

---

[2] In his notice of appeal, Henry asserts that he had filed a brief response with the district court, and he provides the document he alleges to have filed.  The district court had no record of such filing.

No. 10-20667

to the district court and withheld information during discovery that it now presents as evidence; (2) Continental chose several applicants over him who were less educated and who were not already Continental employees; and (3) Continental used his lack of computer skills to justify their discriminatory practices.

Claims of racial discrimination under Title VII are analyzed under a modified *McDonnell Douglas* framework.[3] Therefore, Henry must first establish a prima facie case of discrimination. *Jackson v. Watkins*, 619 F.3d 463, 466 (5th Cir. 2010) (citations omitted). If he can do so, then Continental must "articulate a legitimate, nondiscriminatory reason for terminating him." *Id.* (citations omitted). If Continental meets this burden, Henry bears the ultimate burden of proof in showing that Continental's legitimate, nondiscriminatory reasons were pretexts for discrimination. *Id.* (citations omitted).

In order to establish a prima facie case for racial discrimination, Henry must show (1) that he is a member of a protected class, (2) that he applied and was qualified for an available position, (3) that he was rejected, and (4) that the employer continued to seek applicants with Henry's qualifications. *Grimes v. Tex. Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996). Similarly, to establish a prima facie case for discrimination based on disability under the ADA, Henry must show that: (1) he suffers from a disability; (2) he is qualified for the job despite the disability; (3) he was subjected to an adverse employment action due to the disability; and (4) he was treated less favorably than non-disabled employees. *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279–80 (5th Cir. 2000).

Henry has failed to establish a prima facie claim under either Title VII or the ADA with respect to at least fifteen of the positions to which he applied.

---

[3] Henry has made no argument that this is a mixed-motive case, nor is there any evidence that such a framework should apply in this case.

4

No. 10-20667

Continental provided evidence showing that it cancelled two of the positions, and thus they were not "available positions." As to the other thirteen of these jobs, Continental introduced evidence showing that based on Henry's answers to screening questions concerning shift availability and computer skills, he was automatically screened from these positions as not qualified. Henry's current assertions that he has adequate computer skills are irrelevant, as Henry's own assessment of his skills on the applications disqualified him from the positions. Because Continental set the position qualifications and because Henry has not made any argument that these requirements were themselves discriminatory, Henry has failed to show that he was qualified for these positions.

As to the remaining ten jobs, the limited evidence proffered by Henry makes it difficult to determine whether he was qualified. Additionally, he has offered limited evidence to prove that he has a disability.[4] Assuming that he has met these requirements, Henry has nonetheless failed to rebut Continental's legitimate, nondiscriminatory reasons for not hiring him for each of the positions. Continental provided documentation showing who they hired for each position, those applicants' qualifications and racial backgrounds, and why each selected applicant was more qualified than Henry. The racial backgrounds of the applicants hired was diverse, including several African-Americans. Most importantly, Continental specifically explained how the qualifications of each hired applicant better qualified him or her for the position, as the district court's opinion meticulously documents. This included the applicants that did not earn college degrees, unlike Henry.

---

[4] Because the ADA defines disability as having a "physical or mental impairment that substantially limits one or more major life activities of such individual," and defines "major life activity" to include "lifting," it is likely that Henry has shown that he has a disability under the statute. *See Kemp v. Holder*, 610 F.3d 231, 235 (5th Cir. 2010) (quoting 42 U.S.C. §§ 12102(1), (2)(A)).

5

No. 10-20667

In response to this evidence, Henry has offered only speculation, general accusations, and his own subjective belief that he has been discriminated against. The law of this Circuit is clear that at summary judgment, offering "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (citations omitted). Further, "[i]t is more than well-settled that an employee's subjective belief [about discrimination], without more, is not enough to survive a summary judgment motion, in the face of proof showing an adequate nondiscriminatory reason." *Id.* at 1430. Because Henry has failed to identify any evidence to suggest that Continental's motives were pretextual, summary judgment was appropriate.

Therefore, the district court's decision is AFFIRMED.[5]

---

[5] Continental also moves to strike certain documents included in Appellant's Record Excerpts. We have considered the appellate record as a whole in making our decision, and the documents at issue have no effect on our decision in this case. Therefore, Continental's motion is denied as moot.