# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2011

No. 10-10636
Summary Calendar

Lyle W. Cayce
Clerk

KIMMIE JONES,

Plaintiff–Appellant,

v.

CINGULAR WIRELESS EMPLOYEE SERVICES, L.L.C.;
BETH BOOKER; PAM ROSSMAN,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-818

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kimmie Jones was employed by Cingular Wireless Employee Services, L.L.C. (CWES). She applied for and was denied employment as a "trainer" with a related entity, AT&T Services, Inc., and was later terminated from her position at CWES. She sued CWES and two supervisors, Beth Booker and Pam Rossman

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10636

(together, "Cingular"), alleging discrimination and retaliation prohibited under Title VII[1] and 42 U.S.C. § 1981.

We review the judgment of the district court de novo, evaluating discrimination and retaliation claims based on circumstantial evidence under the familiar *McDonnell Douglas* burden-shifting framework.[2] Cingular concedes that Jones established a prima facie case with respect to her claim that she was not hired as a trainer due to racial discrimination. Cingular produced evidence, however, demonstrating that the hiring process for the trainer position included performing a mock training session before a panel as well as a panel interview. The evidence also demonstrates that at the conclusion of that process, the employee in charge of hiring, Dawn McKenzie, selected another candidate because she believed he was better qualified. Jones argues that this justification is pretextual because McKenzie told her that she was not hired due to lack of fraud experience. There is no evidence that McKenzie's decision was racially motivated. Accordingly, even if we assume Cingular's justifications are inconsistent—a doubtful proposition—they are not sufficient to raise an issue of disputed fact as to whether McKenzie's ultimate decision not to hire Jones was racially motivated.[3]

Jones also alleges that her subsequent termination was a result of racial discrimination. Much of Jones's summary judgment evidence is not competent

---

[1] 42 U.S.C. §§ 2000e to 2000e-17.

[2] *See, e.g.*, *Jackson v. Watkins*, 619 F.3d 463, 465-66 (5th Cir. 2010) (per curiam).

[3] *See Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 594 (5th Cir. 2007) (concluding that even if justifications were inconsistent, the discrepancy was not sufficient to raise a fact issue regarding pretext).

No. 10-10636

evidence because it consists either of unsubstantiated assertions[4] or hearsay,[5] and we agree with the district court that the competent evidence raises no inference of racial discrimination. It is therefore insufficient to establish a prima facie case of such discrimination.

Finally, Jones did not establish a prima facie case of retaliation because she did not engage in a protected activity, opposing "any practice made an unlawful employment practice" under Title VII.[6] Though she lodged complaints about some of her boss's actions toward her, none of her complaints suggest that she opposed those actions because they were discriminatory or otherwise unlawful.

For the above reasons, together with the reasons advanced by the district court in its careful opinion of May 25, 2010, the judgment of the district court is AFFIRMED.

---

[4] *See VRV Dev. L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 455 (5th Cir. 2011) ("[A] party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions.").

[5] *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 510 n.5 (5th Cir. 2001) ("Because these statements are hearsay, they are not competent summary judgment evidence.").

[6] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) (internal quotation marks and citation omitted).