**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 2, 2012

No. 11-20120
Summary Calendar

Lyle W. Cayce
Clerk

ALEX NGUYEN,

Plaintiff - Appellant

v.

SYSCO FOOD SERVICES OF HOUSTON, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3011

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, as he did in district court, Alex Nguyen challenges an adverse summary judgment regarding the employment from which he was discharged.

A summary judgment is reviewed *de novo*, using the same standard applied by the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). "Summary judgment is proper only where there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a matter of law." *Id.* (internal quotation marks omitted). "A dispute is genuine if the summary judgment evidence is such that a reasonable jury could return a verdict for the non-movant." *Id.* (internal quotation marks omitted). The party moving for summary judgment must establish there is no genuine issue for trial but is not required to disprove the nonmovant's case. *E.g.*, *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). If the moving party meets this burden, the burden shifts to the nonmovant to provide specific evidence to support his claims; the nonmovant may not simply rest on the allegations in the complaint or on "conclusory allegations", "unsubstantiated assertions", or a mere "scintilla of evidence". *Id.*

Regarding Nguyen's discrimination claim, where an employee claims an employer discriminated on the basis of race, our court employs the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 804 (1973). If plaintiff establishes a *prima facie* case of discrimination, the burden shifts to defendant to show a legitimate, nondiscriminatory reason for its actions; if defendant is successful, the burden returns to plaintiff to establish defendant's stated reason was pretextual. *Id.*; *Jackson v. Watkins*, 619 F.3d 463, 466 (5th Cir. 2010).

In his *pro-se* opposition to summary judgment in district court, Nguyen failed to make a *prima facie* showing of discrimination because he did not identify any similarly-situated person of another racial or ethnic group who was treated differently than he. *McDonnell Douglas*, 411 U.S. at 802. Moreover, even had he done so, Sysco produced unrebutted summary-judgment evidence showing Nguyen was discharged for violating Sysco's attendance policy–a legitimate, nondiscriminatory reason for terminating his employment–and Nguyen failed to present summary-judgment evidence that this reason was pretextual. *Jackson*, 619 F.3d at 466-67.

Nguyen vaguely contends Sysco violated the Family and Medical Leave Act (FMLA). The district court correctly found no summary-judgment evidence

of a FMLA violation because Sysco was unaware that Nguyen intended to seek FMLA leave.   Further, Nguyen cannot show he was entitled to such leave because his injury admittedly did not prevent his performing his assigned light duties.  *See Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 418-19 (5th Cir. 2006).

The district court concluded that Nguyen had failed to offer any evidence to support his other claims for retaliation, violations of the Age Discrimination in Employment Act, or violations of the Americans with Disabilities Act. Nguyen has abandoned any appeal from those conclusions by failing to brief those claims. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.