# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2014

Lyle W. Cayce
Clerk

No. 13-60374
Summary Calendar

LAVERNE JOHNSON,

Plaintiff-Appellant,

v.

PARKWOOD BEHAVIORAL HEALTH SYSTEM,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:11-CV-212

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

In this disability discrimination case, Laverne Johnson appeals the district court's grant of summary judgment in favor of Defendant-Appellee.[1] We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] There is some dispute as to whether Johnson also sued Universal Health Services Foundation and/or Universal Health Services Inc.; however, Johnson makes no claims against those entities on appeal. Therefore, we need not address the dispute or any claims made against them. *See Sama v. Hannigan*, 669 F.3d 585, 589 (5th Cir. 2012).

No. 13-60374

## FACTS AND PROCEEDINGS

Defendant-Appellee Parkwood Behavioral Health System ("Parkwood") employed Plaintiff-Appellant Laverne Johnson beginning in 2008 as a Director of Utilization Review. Parkwood operates a behavioral health facility, providing comprehensive behavioral health and addictive disease treatment for adults, adolescents, and children. As a condition of Johnson's employment, she underwent a medical screening at an off-site medical center and completed an intake questionnaire regarding her medical history. She failed to indicate any mental health issues, prescriptions, or prior hospitalizations resulting from her mental health issues.

Parkwood provided Johnson with a description of her job duties as a Director of Utilization Review. Johnson was to serve as a liaison between Parkwood's medical providers and insurance companies in order to ensure a smooth transition in patients' treatment from inpatient to discharge. She was responsible for advocating and negotiating with the companies for coverage of the treatment as well as completing Family Medical Leave Act ("FMLA") paperwork and preparing for daily team meetings at Parkwood. She was evaluated on February 5, 2009 for her 90-day review. The evaluation revealed that she was meeting expectations but having difficulty using Parkwood's database system and preparing spreadsheets for the daily meetings. Sandra Wallace, Johnson's initial supervisor and CFO of Parkwood, completed this review.

In the beginning of 2010, Parkwood changed the titles for second-level managers. Johnson's title changed from "Director of Utilization Review" to "Manager of Utilization Review" but her rate of pay, duties, and office location did not change. On March 2, 2010, Johnson called Parkwood's Global Compliance Hotline expressing three complaints about: (1) her job title change; (2) being asked not to wear a white lab coat at work with "Dr. Laverne Johnson"

2

stitched on it; and (3) her salary not being increased after the 90-day probationary period. None of these complaints addressed her disability or Parkwood's alleged discriminatory practices.

In June of 2010, Joyce Tyler became Johnson's supervisor after the CEO of Parkwood changed. On August 4, 2010, Tyler gave Johnson a written warning due to Johnson's "inattention to duties or unsatisfactory job performance" and "noncompliance with . . . established Facility policy, or work rules." As noted in the write-up, Johnson exhibited a lack of knowledge about patients and Parkwood's procedures at daily meetings. Additionally, her miscommunication with others led to unplanned discharges and Parkwood's failure to provide patients with the maximum level of care. Tyler and Johnson implemented a 30-day action plan to be reviewed daily.

On September 3, 2010, Johnson, through her attorney, advised Parkwood that she suffered from a medical condition and needed an accommodation for this condition. Parkwood's HR director gave Johnson the requisite Americans with Disabilities Act ("ADA") and FMLA paperwork to fill out. In this paperwork, Johnson indicated that she suffered from bipolar disorder, cardiac/heart problems, arthritis, sleep apnea, diabetes, and migraines. Her physician indicated that Johnson "may not be able to perform essential functions of [her] job during her flare-ups," and Johnson "needs coverage at work so that she can keep her follow-up appointments with her doctors." Johnson gave Parkwood a list of all doctor's appointments and Parkwood accommodated each of these requests. Johnson never requested any time off for any flare-ups.

On October 29, 2010, Tyler issued a "Final Written Warning" to Johnson. The warning noted that Johnson was failing to meet the expectations level of performance on assigned tasks. Specifically, it referenced two incidents where Johnson's performance fell below expectations. The warning required Johnson

No. 13-60374

to improve her performance immediately or face further disciplinary action, including immediate termination.

Parkwood terminated Johnson on April 1, 2011. The following reasons were given for her termination: (1) failure to provide the required expertise and program knowledge in meetings with the CEO, CFO, and Tyler; (2) failure to exhibit the knowledge of planned care for patients necessary; (3) failure to provide trends in patient data to support her assertions in monthly reports; and (4) her behavior "seriously compromise[d] the quality of patient care services."

Johnson filed a charge with the Tennessee Human Rights Commission and Equal Employment Opportunity Commission ("EEOC") on April 4, 2011. She alleged that she was denied a reasonable accommodation for her disability and discharged "in retaliation for making a complaint in or about August or September 2010." After receiving her Notice of Suit Rights Letter, she instituted this lawsuit alleging claims of disability discrimination and retaliation under the ADA and Title VII. Parkwood moved for summary judgment, which the district court granted in its entirety.[2] Johnson now appeals that decision.

## DISCUSSION

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *Milton v. Tex. Dep't of Criminal Justice*, 707 F.3d 570, 572 (5th Cir. 2013). Summary judgment may be granted if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We

---

[2] In her briefing, Johnson alleges that she was fired because of her "disability or retaliation" but never addresses the retaliation claim or challenges in any manner the district court's ruling. Accordingly, she has waived any challenge to the district court's decision on her retaliation claim and we need not address it. *Sama*, 669 F.3d at 589.

view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Miton*, 707 F.3d at 572. However, "[c]onclusory allegations, unsubstantiated assertions, or only a scintilla of evidence are insufficient to create genuine issue of material fact" and will not defeat a motion for summary judgment. *Id.* (internal quotation marks and citation omitted).

Johnson argues that there are genuine issues of material fact as to whether she was discriminated against when Parkwood fired her and when Parkwood failed to make reasonable accommodations for her. We conclude that both of her arguments are without merit. We hold that the district court properly granted summary judgment in favor of Parkwood and we affirm.

*A. Johnson's Claim of Discrimination Based on Her Termination*

In order to make out a prima facie case for discrimination under the ADA, Johnson must show: "1) [she] suffers from a disability; (2) [she] is qualified for the job; (3) [she] was subject to an adverse employment action; and (4) [she] was replaced by a non-disabled person or was treated less favorably than non-disabled employees." *Milton*, 707 F.3d at 573 (internal quotation marks and citation omitted) (alterations in original).[3] If a plaintiff establishes a prima facie showing of discrimination under the ADA, the burden shifts to the employer to articulate a "legitimate, non-discriminatory reason for the adverse employment action." *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 280 (5th Cir. 2000). If the employer articulates such a reason, the burden shifts back to the plaintiff to establish by a preponderance of the evidence that the legitimate nondiscriminatory reason is mere pretext. *Id.*

---

[3] For purposes of the summary judgment motion, Parkwood conceded that Johnson could establish the first two elements. Therefore, we assume Johnson can establish that she has a disability and was qualified for the position.

No. 13-60374

The district court concluded that Johnson failed to establish a prima facie case because she did not present any evidence that she was replaced by a non-disabled person or treated less favorably than non-disabled employees. Johnson has failed to challenge this conclusion on appeal. She does not make any argument as to this prong and fails to establish any causal relationship between her disability and her termination. *See Gomez v. Saenz*, 237 F.3d 631, *3 (5th Cir. 2000) (per curiam) (unpublished). Therefore, we agree with the district court that she has failed to establish a prima facie case of discrimination based on her termination.

Even if Johnson were able to establish a prima facie case, she has not established that there is a genuine dispute of material fact regarding Parkwood's legitimate, nondiscriminatory reasons for her termination. The record lacks any evidence that would suggest Parkwood's discharge of Johnson was motivated by any factor other than her repeatedly deficient performance. Johnson has offered only general accusations, speculation, and her own subjective belief that she has been discriminated against. These type of assertions are inadequate to overcome summary judgment. *See Henry v. Cont'l Airlines*, 415 F. App'x 537, 540 (5th Cir. 2011) (per curiam) (unpublished) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc)); *see also Milton*, 707 F.3d at 572.

B. *Johnson's Claim of Discrimination Based on Parkwood's Failure to Accommodate*

Under the ADA, failure to accommodate a qualified individual's known disability is considered discrimination unless the employer can demonstrate that the accommodation would impose undue hardship on the operation of the employer's business. 42 U.S.C. § 12112(b)(5)(A). An employee must inform the employer of the need for an accommodation. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011). Johnson argues that there is a genuine

6

dispute of material fact as to whether she was given the reasonable accommodations that she required.

Johnson acknowledged that she was allowed to take time off for her appointments and never attempted to take time off for her flare-ups or other appointments. She cursorily asserts that she did not want to ask Tyler for this time off, had to work after hours to make up for going to the appointments, and had difficulty making these appointments. However, Parkwood made every accommodation Johnson requested. Regardless of her reasons, Johnson failed to inform them of any other accommodations that she required. Additionally, there is simply no evidence that Parkwood was unwilling to engage in a good-faith, interactive process regarding Johnson's requests for accommodations. *See id.* at 224–25. For these reasons, we agree with the district court that Johnson cannot establish a claim of discrimination based on Parkwood's failure to reasonably accommodate her disability.

## CONCLUSION

For the aforementioned reasons, we AFFIRM the district court's grant of summary judgment in favor of Parkwood.