# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2022

Lyle W. Cayce
Clerk

No. 21-30694

Rebecca Davis; Ronnie Davis,

*Plaintiffs—Appellants*,

*versus*

Parish of Caddo, *on behalf of* Caddo Parish Commission,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CV-1568

Before King, Elrod, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Rebecca and Ronnie Davis sued the Parish of Caddo for sexual harassment in violation of Title VII based on workplace conduct at a Caddo Sewerage District, a political subdivision. They also brought state-law tort claims and a *Monell* claim. The district court held that Caddo cannot be held

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

liable under Title VII because the Caddo cannot be deemed Mrs. Davis's "employer." Relying only on arguments properly before us, we AFFIRM.

The Davises sued Caddo, the Parish Commission, and Caddo's Sewerage District No. 2, along with the latter's individual board members. Mrs. Davis alleged maltreatment at and improper termination from the Sewerage District, where she served as office manager. Mrs. Davis pleaded sex discrimination under Title VII and an Equal Protection claim via 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Along with her husband, she also alleged various state-law torts.

The Sewerage District and its individual board members settled, so only Caddo remains party to this case. Caddo says it cannot be sued under Title VII because it was not Mrs. Davis's "employer" for purposes of federal law. *See* 42 U.S.C. § 2000e-2(a); *id.* § 2000e(b). The district court agreed.[1]

---

[1] The district court correctly dismissed Mrs. Davis's *Monell* claim. Because Mrs. Davis does not identify an official *Caddo* policy or custom that gave rise to her claim, and because she does not point to the legal source of the *Caddo* policymaking authority that she asserts a Sewerage District board member had, her § 1983 claim against Caddo was properly dismissed. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 477–83 & n.12 (1986). *Contrast Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996) (noting that defendant's role as *county* sheriff *ipso facto* made him "the *county*'s final policymaker in the area of law enforcement").

The district court also correctly dismissed Mrs. Davis's state-law harassment claim because Louisiana defines the term "employer" more narrowly than Title VII. Under applicable state law, an "employer" must be the person or entity that compensates the employee. *See* La. Stat. § 23:302(2). Because it is undisputed that the Sewerage District—not Caddo—compensated Mrs. Davis, the district court correctly dismissed this claim at summary judgment. Likewise, the district court properly dismissed Mr. Davis's loss-of-consortium claim as it relates to his wife's state-law harassment claim. *See* La. Stat. § 23:303(A) (not authorizing loss-of-consortium damages). The district court expressly declined to address the Davises' other state-law claims "because [they] were asserted against the Sewerage District and/or the individual Sewerage Board members, not the Parish," so we need not address them here. *Davis v. Gavin*, 5:18-CV-1568, 2021 WL 3573040, at *7 n.9 (W.D. La. Aug. 12, 2021).

The only theory that the Davises properly urged below and now on appeal is that Caddo can be held liable under Title VII because the Sewerage District, its board, or a particular board member was Caddo's "agent." That theory does not support holding Caddo liable here.

Mrs. Davis contends that the plain text of Title VII weighs in her favor because "agent[s]" are expressly included in the statutory definition of "employer." *See* 42 U.S.C. § 2000e ("The term 'employer' means a person . . . who has fifteen or more employees . . . , *and any agent of such a person* . . . ." (emphasis added)). We have held, however, that "an agent under Title VII . . . must be an agent *with respect to employment practices*." *Deal v. State Farm Cnty. Mut. Ins. Co.*, 5 F.3d 117, 118–19 (5th Cir. 1993) (emphasis added); *cf. Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 72 (1986) ("Congress' decision to define 'employer' to include any 'agent' of an employer *surely* evinces an intent to place some *limits* on the acts of employees for which employers under Title VII are to be held responsible." (citation omitted) (emphases added)). And because Mrs. Davis has failed to show that any putative agent's role encompassed employment practices on Caddo's behalf, we will not disturb the judgment of the district court.[2]

---

[2] The United States Department of Justice filed an *amicus* brief and participated in oral argument in support of the Davises. *See generally* Brief for United States as *Amicus Curiae*; Oral Argument at 10:19–16:50. The government urged two *additional* theories besides the Davises' "agency" argument to establish Caddo's status as Mrs. Davis's Title VII "employer." Specifically, the government argued that Caddo could be considered a "joint employer" of Mrs. Davis *alongside* the Sewerage District or, *together with* the Sewerage District, a "single integrated enterprise" that employed Mrs. Davis. The government contended that these theories applied even though Caddo and the Sewerage District are governmental subdivisions. *But see Trevino v. Celanese Corp.*, 701 F.2d 397, 404 n.10 (5th Cir. 1983); *Karagounis v. U. Tex. Health Sci. Ctr. at San Antonio*, 168 F.3d 485, at *2 (5th Cir. 1999).

We express no view on these theories today because the Davises did not rely on them: Before the district court, they waived reliance on both, *see Davis*, 2021 WL 3573040,

No. 21-30694

The district court's judgment is AFFIRMED.

---

at *5, and they again waived them at oral argument because, in counsel's words, "this is an 'agency' case." *See* Oral Argument at 40:46–40:55; *Jackson v. Watkins*, 619 F.3d 463, 466 n.1 (5th Cir. 2010) (noting that the plaintiff–appellant "conceded at oral argument that this is solely a [theory #1] case, not a [theory #2] case, so we consider any [theory #2] arguments to be waived"). Although Caddo failed to brief the Davises' waiver and even disclaimed waiver/forfeiture at oral argument, *see generally* Brief for Defendant–Appellee Caddo Parish; Oral Argument at 30:51–31:02, we nonetheless reserve for another day when the question is properly before us whether the "joint employer" or "single integrated enterprise" theories can apply to governmental subdivisions.